(No. 42348.—

THE PEOPLE *ex rel.* James B. Wilson, Appellant, *vs.* JOSEPH I. WOODS, Sheriff, Appellee.

*Opinion filed November 17, 1970.*

ARTHUR E. ENGELLAND and ROBERT S. BAILEY, both of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

The petitioner, James B. Wilson, appeals directly to this court under Rule 302(a)(3) from an order of the circuit court of Cook County dismissing a writ of *habeas corpus* and remanding him to the custody of the sheriff of Cook County for delivery to an agent for the State of Virginia. The single contention made is that the trial court erroneously denied petitioner a hearing on the issue of whether he was substantially charged with a crime in the demanding State.

On April 11, 1969, the Governor of Illinois issued a rendition warrant for the arrest of petitioner as a fugitive from justice, which recited that he was charged by a verified complaint of two counts before a magistrate in Accomack County, Virginia, with the crimes of having obtained money under false pretenses on August 31 and September 16, 1968, respectively. Petitioner subsequently filed a petition for a writ of *habeas corpus* alleging that he had

not been present in the demanding State, and that he was "not properly charged with a crime" in such State. When the petition came on for hearing, however, petitioner admitted that he was the person named in the warrant, and also admitted that he was in the State of Virginia on the dates of the crimes charged. And when asked to present evidence in support of the allegation that he had not been properly charged with a crime, petitioner did no more than to make an offer of proof that he had a defense to the charges, *viz.,* that he had performed the act for which he had obtained money in the demanding State.

From this record it is clear that there was no "denial" of a ̀ hearing as petitioner claims, and that the trial court properly dismissed the petition. The proof here offered went to the petitioner's guilt or innocence of the crimes charged, and it has long been established that such questions are beyond the permissible scope of inquiry in a *habeas corpus* action testing the validity of extradition proceedings. *People ex rel. Garner* v. *Clutts,* 20 Ill.2d 447, 455; *People ex rel. McGee* v. *Fischer,* 401 Ill. 95, 99; *People ex rel. Buxton* v. *Jeremiah,* 364 Ill. 274, 278.

The judgment of the circuilt court of Cook County is affirmed.

*Judgment affirmed.*