(No. 42859.—

*In re* CYNTHIA PRESLEY, Respondent.—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CYNTHIA PRESLEY, Appellant.)

*Opinion filed November 18, 1970.*

HARRY D. SINTZENICH, of Alton, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRED G. LEACH, Assistant Attorney General, of counsel,) for appellee.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

This is an appeal from orders of the circuit court of Madison County adjudging respondent, Cynthia Presley, a delinquent minor and committing her to the custody of the Illinois Youth Commission. Constitutional questions bring the appeal directly to this court. See our Rule 302. 43 Ill.2d R. 302.

On September 9, 1969, a petition was filed in the circuit court by an assistant State's Attorney of Madison County alleging, *inter alia,* that respondent was a fourteen-year-old minor "Otherwise in Need of Supervision" or "Neglected" as defined in sections 2—3 and 2—4 of the Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, pars. 702 —3, 702—4), "* * * in that said minor absents herself from * * * home for long periods of time without parental consent and on September 8, 1969, her natural mother and stepfather forced her to leave * * * home." The petition requested among other things that respondent be adjudged a ward of the court and that an order be entered respecting the custody and control of the respondent as might be just. On the same day, pursuant to the petition, an order of detention issued, committing respondent to the custody of the Madison County probation officer. A further order was entered on September 9, 1969, appointing a guardian *ad litem* for respondent, and setting a date for the adjudicatory hearing requested in the petition.

After such hearing, an order was entered finding respondent a minor as described in section 2—1 of the Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, par. 702—1), and making respondent a ward of the court, but reserving the court's ruling "* * * as to whether [respondent] * * * is a neglected child * * * or whether she is a minor otherwise in need of supervision * * *." The order further set the date for a dispositional hearing under section 5—1 of the Act. Ill. Rev. Stat. 1969, ch. 37, par. 705 —1.

At the conclusion of the dispositional hearing, the court entered an order placing respondent on probation, with one of the terms thereof being that respondent be placed in a suitable foster home and that she abide by any rules given her by her foster parents.

On October 14, 1969, a supplemental petition was filed, alleging that respondent was a delinquent minor as defined

in section 2—2 of the Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, par. 702—2), in that she had violated the order of the court fixing the terms of her probation by running away from the home of her foster parents. Another detention order was issued remanding respondent to the custody of the probation officer. However, on October 21, 1969, the court, on its own motion and "for good cause shown" dismissed the supplemental petition and released respondent from the custody of the probation officer for placement in a foster home under the terms of the theretofore issued order placing respondent on probation.

Subsequently, on November 4, 1969, another supplemental petition was filed, alleging again that respondent had violated the terms of the order placing her on probation by absenting herself from her foster home without the consent of her foster parents. A new detention order, again committing respondent to the custody of the probation officer, was entered on the same day.

Prior to the hearing on the second supplemental petition, respondent's counsel filed a motion to dismiss the action on the grounds that the Juvenile Court Act was unconstitutional on various stated grounds, most of which are again sought to be raised here. The trial court denied the motion to dismiss and proceeded to a hearing on the second supplemental petition. During that hearing, it was established beyond all doubt that respondent had consistently disobeyed her foster parents and had, in violation of specific rules given her by them, absented herself from the foster home without their consent. The court accordingly adjudged respondent a delinquent minor as having violated the terms of her probation theretofore set by order of the court. (See Ill. Rev. Stat. 1969, ch. 37, par. 702—2(b).) At the conclusion of the subsequent dispositional hearing, respondent was committed to the custody of the Illinois Youth Commission.

On the same day of the issuance of the warrant for re-

spondent's commitment, she filed a petition for a writ of *habeas corpus* (a stay of commitment having earlier been denied by the court in the proceedings under the Juvenile Court Act) seeking release from custody pending appeal of the order committing her to the custody of the Commission. After a hearing, the court entered an order granting the prayer of the the writ and releasing respondent from custody pending this appeal.

Respondent asserts that the Juvenile Court Act is unconstitutional as violative of due process and equal protection of the laws, (1) in failing to require the authorities to warn a juvenile of his constitutional rights prior to taking a confession; (2) in failing to provide for pretrial motions such as those specified in the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, par. 114—1); and (3) in failing to provide for bail and a stay of commitment pending appeal of the adjudication of delinquency. While we would be justified in refusing to reach the merits of each of these contentions by virtue of the fact that respondent's arguments thereon presented in her brief amount to "little more than bare assertions of the issues sought to be raised." (*Deckard* v. *Joiner,* 44 Ill.2d 412, 419), it is absolutely clear that such matters cannot be properly raised in this case in any event. The question relating to bail is clearly moot, as respondent has been released from custody pending this appeal; the question concerning the taking of confessions is improperly interposed for the reason that no confession is disclosed in the record; and finally, with respect to the argument that the act is invalid as not providing for pretrial motions, the record discloses that the only motion filed by respondent (the already-noted motion to dismiss) was heard and ruled upon by the circuit court. Under the foregoing circumstances, the above questions are simply not cognizable by us in this case (See *Maywood Park Trotting Ass'n.* v. *Illinois Harness Racing Com.,* 15 Ill.2d 559, 563; *People* v.

*Diekmann,* 285 Ill. 97, 101), and we accordingly express no opinion on the merits thereof.

Respondent further maintains that the Juvenile Court Act, in failing to provide for a jury trial in proceedings seeking an adjudication of delinquency, violates section 9 of article II of the Illinois constitution preserving the right to trial by jury in criminal cases and also the due process and equal protection clauses of the fourteenth amendment to the Federal constitution. We disagree. This matter has already been settled in Illinois by our opinion in the case of *In re Fucini,* 44 Ill.2d 305, where, after thorough discussion of the issue, we held that neither the Federal nor State constitutions were violated by the Juvenile Court Act's failure to provide for jury trials in proceedings thereunder. (See also our decision in *In re Jones,* 46 Ill.2d 500.) We adhere to that view.

Respondent next contends that the Juvenile Court Act in contemplating an adjudication of delinquency on the basis of a minor's violation of an order of court entered under the Act in proceedings civil in nature (Ill. Rev. Stat. 1969, ch. 37, pars. 702—2(b), 704—6), deprives her of equal protection of the law, particularly where, as in the present case, the adjudication results in the deprivation of the minor's liberty. Specifically it is argued that since adults cannot ordinarily be deprived of their liberty in civil proceedings, the violation of a civil order (*i.e.* defendant's failure to comply with the terms of her probation) cannot constitutionally result in her commitment to the custody of the Youth Commission. In the present case, respondent was adjudged delinquent, and subsequently committed to the custody of the Youth Commission, on the ground that she had violated the terms of her probation by refusing to obey a rule issued by her foster parents. There is absolutely no question concerning the validity of the court order establishing the terms of her probation, nor is there any contention

that the evidence at the respondent's adjudicatory hearing failed to establish her violation of such order. The trial court found that the evidence established beyond a reasonable doubt that the violation occurred, as required by law. (Ill. Rev. Stat. 1969, ch. 37, par. 704—6.) In this context, we perceive no constitutional infirmity in legislation allowing the adjudication of delinquency and commitment of minors to the custody of the Youth Commission for misconduct which does not amount to a criminal offense. To hold otherwise would substantially thwart one of the salutary purposes of the Juvenile Court Act, *viz.* to provide for the rehabilitation of delinquent minors at a stage before they have embarked upon the commission of substantive criminal offenses. The State, as *parens patriae,* clearly has an interest in safeguarding the lives of delinquent minors, as well as preserving an orderly society, and it would be largely hamstrung if it were precluded from depriving incorrigible minors of their liberty in the absence of the proof of their commission of substantive crimes. We thus hold that the Juvenile Court Act is not constitutionally invalid in providing for the adjudication of delinquency and commitment of the delinquent to the custody of the Youth Commission where such adjudication is predicated upon the violation of a lawful order of the court entered under the Act.

Respondent finally claims that her commitment to the custody of the Youth Commission constitutes cruel and unusual punishment in violation of the eighth amendment to the United States constitution in that she may be required to remain there until she reaches 21 years of age. This fear may be unfounded, for the Juvenile Court Act specifically provides for the termination of proceedings thereunder "Whenever the court finds that the best interests of the minor and the public no longer require the wardship of the court, * * *." (Ill. Rev. Stat. 1969, ch. 37, par. 705—11(2)), and the minor himself may apply to the court for a change of custodianship or his restoration to the custody

of his parents (Ill. Rev. Stat. 1969, ch. 37, par. 705—8(2).) In any event, however, the evidence at the dispositional hearing established that respondent was incorrigible, that her natural mother and stepfather were unable or unwilling to care for her, and it was clearly shown that she could not get along in a foster home. If she is to obtain any guidance and supervision whatever, it appears that the Youth Commission must supply it. Thus the purpose and policy of the Juvenile Court Act (See Ill. Rev. Stat. 1969, ch. 37, par. 701—2) must, under the circumstances of this case, be implemented by the Youth Commission, and after a careful reading of the entire record before us, we cannot say that respondent's commitment to its custody is so shocking to the conscience as to amount in any sense to cruel and unusual punishment.

The judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*