(No. 43510.—

*In re* ELVIRA SEKERES, Respondent.—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* ELVIRA SEKERES, Appellant.)

*Opinion filed May 21, 1971.*

PATRICK T. MURPHY and LEWIS A. WENZELL, both of Chicago, and BARRY E. BARNES, of Washington, D.C., for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (MORTON FRIEDMAN, Assistant Attorney General, and ROBERT A. NOVELLE and MICHAEL J. GOLDSTEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from an order of the Juvenile Division of the circuit court of Cook County committing the defendant, Elvira Sekeres, to the custody of the Department of Corrections. The presence of constitutional questions sustains this direct appeal. 43 Ill.2d R. 302.

On August 13, 1969, the defendant, who was then 15 years old, was adjudged to be a "minor in need of supervision", as defined in section 2—3 of the Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, par. 702—3), for frequently absenting herself from home, and she was placed on six months probation.

Later, pursuant to a delinquency petition filed by her probation officer indicating that the defendant had violated her probation by truanting herself from school, defendant's probation was extended and hearing on said petition was continued to June 30, 1970. A clinical examination was ordered. However, on April 28, 1970, pursuant to a supplemental petition filed by defendant's probation officer, the court determined that the defendant had continued her truancy in violation of the terms of her probation. The court found the defendant to be a delinquent minor and revoked her probation. (Ill. Rev. Stat. 1969, ch. 37, par. 702—

2(b).) She was committed to the custody of the Department of Corrections which placed her in the Illinois State Training School for Girls. Ill. Rev. Stat. 1969, ch. 37, par. 705—10.

On July 21, 1970, the court directed the guardian to report his custodianship, with the defendant present, and the court was informed she was due for parole. The defendant was paroled in August and released to the custody of her mother. Within two weeks the defendant again ran away, was apprehended and returned to the custody of the Department of Corrections which returned her to the Geneva School.

The defendant contends that the finding of delinquency and subsequent confinement subjected her to cruel and unusual punishment for noncriminal acts in violation of the United States and Illinois constitutions. To support this contention defendant argues that her conduct, *i.e.*, truancy and running away from home, was not a criminal offense and as such she should not be subject to confinement. Therefore such confinement is a cruel and unusual punishment in violation of the eighth amendment made applicable to the States by the due process clause of the fourteenth amendment. *Robinson* v. *California*, 370 U.S. 660, 8 L. Ed. 2d 758, 82 S. Ct. 1417.

We disagree. The defendant was not adjudged a delinquent because of her truancy from school or running away from home, but rather because she violated a lawful court order. In a recent decision this court held that such a violation and subsequent commitment of a juvenile to an appropriate State agency is not unconstitutional because "To hold otherwise would substantially thwart one of the salutary purposes of the Juvenile Court Act, *viz.* to provide for the rehabilitation of delinquent minors at a stage before they have embarked upon the commission of substantive criminal offenses and it [the State] would be largely hamstrung if it were precluded from depriving incorrigible

minors of their liberty in the absence of the proof of their commission of substantive crimes." *In re Presley*, 47 Ill.2d 50, at 56.

The defendant further argues that she is being subjected to cruel and unusual punishment because she may potentially be confined until she reaches the age of 21 and that the record of these proceedings will follow her for the rest of her life. The former argument was advanced in *In re Presley*, in which the court concluded that the defendant had ample recourse to obtain her release under Illinois law either by court action under the Juvenile Court Act (Ill. Rev. Stat. 1969, ch. 37, par. 705—11(2)) or by the defendant's own application for a change of custody. Ill. Rev. Stat. 1969, ch. 37, par. 705—8(2).

Moreover, defendant's fear that her record will follow her for the rest of her life is unfounded. Section 2—8 of the Juvenile Court Act specifically forbids the transmission of a juvenile's fingerprints, photographs, or police records without court authorization (Ill. Rev. Stat. 1969, ch. 37, par. 702—8.) Likewise the following two sections further restrict the dissemination of evidence in juvenile proceedings and the availability of court files to the general public. (Ill. Rev. Stat. 1969, ch. 37, pars. 702—9, 702—10) Thus the numerous safeguards placed on the distribution of the defendant's records negate the contention that her record will not be held confidential.

The punishment proscribed by the eighth amendment of the United States constitution has been described as that which violates "evolving standards of decency that mark the progress of a maturing society," (*Trop* v. *Dulles*, 356 U.S. 86, 101, 2 L. Ed. 2d 630, 642, 78 S. Ct. 590), or punishment which "shocks the most fundamental instincts of civilized man," (*Louisiana ex rel. Francis* v. *Resweber*, 329 U.S. 459, 473 (dissenting opinion), 91 L. Ed. 422, 431, 67 S. Ct. 374). Upon consideration of the record before this court we conclude that the treatment of the de-

fendant was not such as amounts to cruel and unusual punishment.

Defendant finally argues that she was arbitrarily and unreasonably classified with those who had committed criminal acts. Defendant maintains that such a classification deprives her of the equal protection of the laws because she is treated as a criminal for noncriminal behavior. To meet the requirements of equal protection a "classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *F. S. Royster Guano Co.* v. *Virginia*, 253 U.S. 412, 415, 64 L. Ed. 989, 990, 40 S. Ct. 560; *Latham* v. *Board of Education*, 31 Ill.2d 178.

At the July 21, 1970, hearing an assistant superintendent at Geneva testified that the girls at Geneva were segregated into three groups based upon their "aggressivity and impulsivity." Within each group the girls would be further segregated according to age. Furthermore, he stated that he believed there was a valid basis for classifying a juvenile who commits a criminal act with one who refuses to obey probationary requirements, because the conduct of both types of juveniles may result from "similar control problems." Consequently, it is apparent that the same rehabilitative process for both classes of juveniles may be necessary. Therefore we find that the defendant was not denied equal protection of the law because her classification was reasonable and based upon a valid legislative purpose, *i.e.,* the rehabilitation of juveniles.

Other more advantageous methods of dealing with juvenile offenders may someday be established. However, it is within the legislative province to effectuate change in this area.

For the aforementioned reasons the decision of the circuit court is affirmed.

*Judgment affirmed.*