520 S.W.2d 442 (1975)
In the Matter of D. L. S.
No. 15380.
Court of Civil Appeals of Texas, San Antonio.
February 26, 1975.
*443 Doran, Gulley & Etzel, Del Rio, for appellant.
John F. Pettit, Dist. Atty., Edwin E. Springer, Asst. Dist. Atty., Del Rio, for appellee.
BARROW, Chief Justice.
Appellant has perfected her appeal from an order of May 16, 1974, committing her to the care, custody and control of the Texas Youth Council after an adjudication that she had engaged in delinquent conduct.
Appellant, a juvenile born on September 5, 1960, was found by order of April 16, 1974, to have engaged in delinquent conduct and was placed on probation by the 63rd Judicial District Court of Val Verde County, Texas. She was placed in the custody of Mrs. Cindy Cauthorn, representative of the State Department of Public Welfare, and Mrs. Cauthorn placed her in the home of Mrs. Carolyn Russell, foster parent. On April 30, 1974, the District Attorney for the 63rd Judicial District filed another petition and alleged that D. L. S. engaged in delinquent conduct in that she had violated the terms of her probation. Specifically, it was alleged that D. L. S. violated Condition (h) of her probation in that on April 23, 1974, she left the custody of her custodian and foster parent. It was further alleged that she had violated Condition (m) of her probation on said date in that she had run away from the custody of her custodian and foster parent.
On May 4, 1974, appellant was apprehended by the Sheriff of Val Verde County and placed in the custody of the Juvenile Detention Office of that county. On May 6, 1974, Quinton Etzel, Esq. was appointed to represent appellant and he has vigorously represented her at all subsequent stages of this proceeding. On May 16, 1974, an adjudication hearing was held *444 before the court after waiver of jury was signed by appellant and her attorney. The trial court, at the conclusion of the hearing, found that appellant had violated the two conditions of her probation,[1] and that she had engaged in delinquent conduct. A disposition hearing was then held on the same date. After hearing the evidence, the court found the juvenile to be in need of rehabilitation and committed her to the care, custody and control of the Texas Youth Council. Notice of appeal was given and this appeal was perfected by court-appointed counsel on behalf of the juvenile.
Appellant urges two assignments of error. She first attacks the adjudication finding that she had engaged in delinquent conduct in violating certain terms of her probation and urges that she acted under duress. The second assignment complains of her commitment to the Texas Youth Council. Although there is no complaint to the contrary, it should be pointed out that the statutory procedures enunciated in the Code were meticulously followed.
The foster parent testified that on the evening of April 23, 1974, she gave appellant permission to go eat with her boyfriend, Juan Flores, with the understanding that she would return by 10:00 p. m. She did not return and Mrs. Russell next learned of her whereabouts on May 5, when appellant was in juvenile detention. Appellant advised Mrs. Russell that Juan had taken her to the cemetery and would not let her return. Appellant said that when she protested his refusal, Juan had struck her on the lip. Mrs. Russell testified that she observed a bloody T-shirt belonging to appellant. Appellant testified in her own behalf that Juan had taken her to the cemetery and refused to permit her to return to Mrs. Russell's home. She said that she spent about a week at the cemetery and then went to the home of a girl friend where she was subsequently picked up by the police.
There were other facts and circumstances introduced into evidence which refute appellant's claim that she was acting under duress. Juan was arrested on April 25 or 26, 1974, and incarcerated. He, therefore, was in no position to apply any duress for most of the period in question. Furthermore, the undisputed evidence establishes that appellant went to town freely and alone during this period. She even counseled with the administrator of the Family Planning Program for the State Welfare Department on several occasions during her absence, including the day after she left the home of Mrs. Russell. This woman, who was well acquainted with appellant, testified that the injury to appellant's lip occurred on May 2, 1974. Also, appellant admitted that she visited a friend's home without Juan on April 24, and made no request for assistance.
Assuming that "duress" is a defense to the allegation that appellant violated the terms of her probation,[2] we cannot say that the juvenile court abused its discretion in refusing to find that appellant was acting under duress. Appellant's first point is overruled.
Appellant urges by her second point that the juvenile court erred in committing her to the Texas Youth Council. She does not challenge the statutory authority by which she was committed,[3] but urges that the Texas Juvenile Code violates equal protection by classifying nonpenal acts as delinquent conduct. A similar contention was considered and rejected in Smith v. State, 444 S.W.2d 941 (Tex. Civ.App.San Antonio 1969, writ ref'd n. *445 r. e.). We adhere to this holding. See also, In re Sekeres, 48 Ill.2d 431, 270 N.E. 2d 7 (1971).
Appellant also urges under her second point that her commitment constitutes cruel and unusual punishment. As a basis for this argument, appellant assumes that she would receive no treatment or rehabilitation from the Texas Youth Council. There is no evidence in the record regarding the program of the Texas Youth Council and, in particular, the status or classification to which appellant was assigned. Cf. Morales v. Turman, 364 F.Supp. 166 (E.D.Tex.1973). We cannot assume that appellant would receive no treatment or rehabilitation from the Texas Youth Council. R. R. v. State, 448 S.W.2d 187 (Tex.Civ. App.San Antonio 1969, writ ref'd n. r. e.), cert. denied, 400 U.S. 808, 91 S.Ct. 35, 27 L.Ed.2d 37; Smith v. State, supra. Her commitment to the Texas Youth Council is not cruel and unusual punishment within the constitutional prohibition. Appellant's second point is overruled.
The judgment is affirmed.
NOTES
[1] It was also alleged that the juvenile had violated another condition of her probation pertaining to a curfew, but the trial court dismissed this allegation.
[2] See Sec. 8.05(b), Vernon's Tex.Penal Code Ann. (1974).
[3] The illustration set forth by Dawson, Draftman's Comments to Title 3 of the Family Code, 5 Tex.Tech.L.Rev. 511, 520 (1974) supports the adjudication and commitment of appellant.