81 Ill. App.3d 369 (1980)
401 N.E.2d 275
In re T.D., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee,
v.
T.D., Respondent-Appellant.)
No. 78-507.
Illinois Appellate Court  Second District.
Opinion filed February 20, 1980.
*370 Mary Robinson and John Lanahan, both of State Appellate Defender's Office, of Elgin, for appellant.
Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Judgment affirmed.
Mr. JUSTICE NASH delivered the opinion of the court:
Respondent T.D., a minor, appeals from a dispositional order entered by the trial court committing him to the Department of Corrections after an adjudication of delinquency. He had been found to have committed two offenses of battery (Ill. Rev. Stat. 1977, ch. 38, par. 12-3) and one offense of resisting a peace officer (Ill. Rev. Stat. 1977, ch. 38, par. 31-1), and he does not here contest the validity of those findings. The sole question presented by this appeal is whether a juvenile found to have committed misdemeanor offenses is denied due process and equal protection of the laws by commitment to the Department of Corrections for an indeterminate term.
Under sections 5-2 and 5-10 of the Juvenile Court Act (Ill. Rev. Stat. 1977, ch. 37, pars. 705-2 and 705-10), one of the alternative dispositional orders which may be made in respect to a juvenile adjudicated to be delinquent is commitment to the Department of Corrections for an indeterminate period of time, not to exceed his 21st birthday (Ill. Rev. Stat. 1977, ch. 37, par. 705-11). Respondent, tried as a juvenile, was so committed on April 24, 1978, and could potentially remain committed until his 21st birthday, December 14, 1982, or approximately 4 1/2 years after entry of the dispositional order. Respondent contrasts this possibility with the 364-day maximum sentence which could *371 be imposed upon one prosecuted and convicted of these offenses, or any misdemeanor, as an adult (Ill. Rev. Stat. 1977, ch. 38, par. 1005-8-3), and he contends that the discrepancy in statutory sentencing authority violates the due process and equal protection clauses of the Federal and Illinois constitutions.
 1 We note that as respondent failed to raise this issue in the trial court it has been waived and may not be considered on appeal except pursuant to the plain error doctrine under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par 615(a)). (People v. Pickett (1973), 54 Ill.2d 280, 282, 296 N.E.2d 856, 857; People v. Amerman (1971), 50 Ill.2d 196, 279 N.E.2d 353.) An appeal from an adjudication of delinquency is indistinguishable from criminal-convictions in this respect (Ill. Rev. Stat. 1977, ch. 110A, par. 660(a)), and we will consider respondent's claim of error to determine whether it falls within the rule.
Essentially, respondent asks this court to re-examine Illinois case law in light of the recent decision in People v. Olivas (1976), 17 Cal.3d 236, 551 P.2d 375, 131 Cal. Rptr. 55, in which the California Supreme Court found that the difference between the statutory sentencing provisions applicable to adults and those applicable to juveniles who have been tried as adults denied equal protection of the law to juveniles. Olivas must be distinguished, however, as the minor defendant in that case was not prosecuted as a juvenile pursuant to the California juvenile code, but, instead, was prosecuted as an adult. Under the laws of California then in force a juvenile was required to be sentenced under the juvenile code even when prosecuted as an adult and, therefore, remained subject to the potentially longer confinement provided in the juvenile code in either event. In Illinois, however, a minor who elects to be prosecuted as an adult and is convicted of a criminal offense will be sentenced as an adult. (Ill. Rev. Stat. 1977, ch. 38, par. 1005-5-3(a).) The Olivas court did not address the question presented here. See People v. Olivas (1976), 17 Cal.3d 236, 243 n. 11, 551 P.2d 375, 379 n. 11, 131 Cal. Rptr. 55, 59 n. 11.
The issue raised by respondent was considered and rejected by the Illinois Appellate Court in a pre-Olivas decision, In re Blakes (1972), 4 Ill. App.3d 567, 281 N.E.2d 454, and more recently in In re F.L.W. (1979), 73 Ill. App.3d 355, 391 N.E.2d 1070. Both courts made reference to McKeiver v. Pennsylvania (1971), 403 U.S. 528, 29 L.Ed.2d 647, 91 S.Ct. 1976. The McKeiver court, declining to extend the right to trial by jury to juvenile delinquency proceedings, restated the rule that fundamental fairness is the due process standard applicable to juvenile proceedings. (403 U.S. 528, 543, 29 L.Ed.2d 647, 659, 91 S.Ct. 1976, 1985.) It noted, however, that it has never held juvenile court proceedings to be a "criminal prosecution" within the meaning of the sixth amendment and has never held flatly that all constitutional rights assured to an adult *372 criminal defendant are to be imposed upon State juvenile proceedings; rather, the United States Supreme Court has tried to "strike a judicious balance" in juvenile proceedings. 403 U.S. 528, 541, 545, 29 L.Ed.2d 647, 658, 661, 91 S.Ct. 1976, 1984, 1986.
The Illinois Supreme Court has also considered the requirements of equal protection as it relates to juvenile offenders under the Juvenile Court Act. In In re Sekeres (1971), 48 Ill.2d 431, 270 N.E.2d 7, the court held indeterminate sentencing of juveniles not to be violative of the cruel and unusual punishment clause of the eighth amendment to the United States Constitution. Sekeres also reiterated the general approach to a consideration of alleged deprivations of equal protection of the laws, namely, that different statutory treatment of different persons must be "`* * * reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'" (48 Ill.2d 431, 435, 270 N.E.2d 7, 9.) We do not find adult offenders and juveniles adjudicated delinquent to be "similarly circumstanced" and, indeed, it is not the purpose of the Illinois Criminal Code and Juvenile Court Act to treat them as similarly circumstanced. The Juvenile Court Act has a legitimate and salutary goal, "to provide for the rehabilitation of delinquent minors at a stage before they have embarked upon the commission of substantive criminal offenses." (In re Presley (1970), 47 Ill.2d 50, 56, 264 N.E.2d 177, 180.) The primary purpose of the Act is remedial and preventive rather than punitive. In re Armour (1973), 15 Ill. App.3d 529, 305 N.E.2d 47, aff'd (1974), 59 Ill.2d 102, 319 N.E.2d 496.
To this end the juvenile court acts as parens patriae (People v. Zepeda (1970), 47 Ill.2d 23, 29, 265 N.E.2d 647, 650), and the court and its allied agencies must be enabled to give the minor the care and guidance the Act is designed to provide (Ill. Rev. Stat. 1977, ch. 37, par. 701-2(1)). As the indeterminate sentencing scheme of the Act is considered to play a useful role in achieving this goal and is applied similarly to all juveniles declared to be delinquent, it meets constitutional standards.
 2 We note further that the Act offers unique benefits and favorable treatment to juvenile offenders which are not available to adult offenders. A juvenile may at any time apply to the court for a change in custodianship from the Department of Corrections or for restoration to the custody of his parents (Ill. Rev. Stat. 1977, ch. 37, par. 705-8(3)), and the court must terminate its wardship of a minor and all proceedings under the Act if at any time it finds the best interests of the minor and the public no longer require it to be continued (Ill. Rev. Stat. 1977, ch. 37, par. 705-11(2)). (In re Presley (1970), 47 Ill.2d 50, 264 N.E.2d 177.) In addition to this continuous opportunity to seek early release, the juvenile *373 incurs no criminal record and is not disqualified from subsequently holding public office or receiving any license other than, in an appropriate case, one relating to the operation of motor vehicles. (Ill. Rev. Stat. 1977, ch. 37, par. 702-9(1).) There is also special provision for the confinement of minors, who, if under 17 years of age, may not be incarcerated with adult criminal offenders. Ill. Rev. Stat. 1977, ch. 37, par. 702-8(1).
 3 In our view it is particularly noteworthy that a juvenile has the right to choose to be prosecuted as an adult for any conduct which constitutes a criminal offense. (Ill. Rev. Stat. 1977, ch. 37, par. 702-7(5).) If he does so, he thereby waives the rights and benefits which attach to juvenile proceedings and will be subject to the same sentence as an adult offender. See People v. Gooden (1977), 56 Ill. App.3d 408, 371 N.E.2d 1089; People v. Shaw (1972), 3 Ill. App.3d 1096, 279 N.E.2d 729.
 4 We find respondent was not deprived of due process or equal protection of the laws by virtue of the dispositional order imposed and it was not erroneous.
Affirmed.
SEIDENFELD, P.J., and WOODWARD, J., concur.