*In re* JAMES BARDWELL, a Minor (Jack Bardwell *et al.*, Petitioners-Appellants, v. The People of the State of Illinois, Respondent-Appellee).

Fifth District   No. 5—85—0243

Opinion filed November 15, 1985.

George Mueller, of Hoffman, Mueller & Creedon, of Ottawa, for appellants.

Neil F. Hartigan, Attorney General, of Springfield, and John Coady, State's Attorney, of Taylorville (Jill Wine-Banks, Solicitor General, and Kathryn A. Spalding, Assistant Attorney General, both of Chicago, and Kenneth R. Boyle, Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Petitioners, Jack and Barbara Bardwell, appeal from an order of the circuit court of Christian County dismissing their petition for a change in legal custody and termination of wardship of petitioners' minor son.

Petitioners' son was adjudicated delinquent and made a ward of the court for having committed a burglary aggravated by felony murder. On December 20, 1982, the minor was committed to the Department of Corrections—Juvenile Division, at which time the Department became his legal custodian.

On November 9, 1984, a petition was filed requesting that legal custody of the minor be restored to petitioners and that the court terminate its wardship over the minor pursuant to sections 5—8(3) and 5—11(2) of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, pars. 705—8(3), 705—11(2)). On January 25, 1985, the circuit court entered its order finding that these sections of the Juvenile Court Act do not apply to wards while committed to the Department of Corrections and that to hold otherwise would improperly subject the discretionary

judgment of the Department of Corrections to judicial review. The petition was dismissed and notice of appeal was filed on April 2, 1985.

Petitioners contend that a minor's commitment to the Department of Corrections does not terminate the trial court's jurisdiction over the minor for purposes of changing legal custody of the minor or terminating his wardship. Respondent, the People of the State of Illinois, does not dispute this contention. However, respondent asserts that the petition to regain legal custody and terminate wardship was properly dismissed because the petition failed to set forth sufficient facts entitling petitioners to the requested relief.

Section 5—8(3) of the Juvenile Court Act allows the minor or any person interested in the minor to apply to the court for a change in custody of the minor or for the restoration of custody to the minor's parents. (Ill. Rev. Stat. 1983, ch. 37, par. 705—8(3).) Section 5—11(2) states that "[w]henever the court finds that the best interests of the minor and the public no longer require the wardship of the court, the court shall order the wardship terminated and all proceedings *** finally closed and discharged." (Ill. Rev. Stat. 1983, ch. 37, par. 705—11(2).) In responding to assertions that commitment to the Department of Corrections constitutes cruel and unusual punishment because a minor may be incarcerated until the age of 21, the Supreme Court of Illinois has found such arguments to be without merit because the minor has ample recourse to obtain earlier release either by court action terminating wardship under section 5—11(2) or by applying to the court for a change of custody pursuant to section 5—8(3). (*In re Sekeres* (1971), 48 Ill. 2d 431, 434, 270 N.E.2d 7, 8; *In re Presley* (1970), 47 Ill. 2d 50, 56-7, 264 N.E.2d 177, 180.) Therefore, commitment to the Department of Corrections is not a bar to pursuing relief under either of these sections of the Juvenile Court Act.

In light of the principle that courts shall not intrude upon traditional matters of internal institutional administration (*In re Washington* (1976), 65 Ill. 2d 391, 398, 359 N.E.2d 133, 137), we understand the circuit court's reluctance to interfere in an area it deemed delegated to the Department of Corrections and Prison Review Board. However, the relief requested by petitioners does not involve the court in the establishment of procedures and guidelines which is the type of interference with the discretion vested in the Department of Corrections that is prohibited absent constitutional violations. (*People v. Kaeding* (1983), 98 Ill. 2d 237, 247, 456 N.E.2d 11, 17; *In re Owen* (1973), 54 Ill. 2d 104, 109, 295 N.E.2d 455, 458.) Because we hold that sections 5—8(3) and 5—11(2) of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, pars. 705—8(3), 705—11(2)) apply to a minor

adjudicated delinquent and committed to the Department of Corrections, we must address respondents' contention that the decision of the circuit court should be affirmed on other grounds.

■ Respondent contends that although the specific reason for the dismissal was incorrect, the decision of the circuit court should be affirmed nonetheless. Respondent asserts that petitioners have no absolute right to an evidentiary hearing on the merits and asks that we sustain the judgment below on the grounds that the petition failed to set forth sufficient facts entitling petitioners to relief. While petitioners are clearly persons interested in the minor and, therefore, have the right to apply to the court for a change of custody, section 5—8(3) of the Juvenile Court Act does not explicitly grant the right to a hearing. (*In re Jennings* (1977), 68 Ill. 2d 125, 129, 368 N.E.2d 864, 866.) Nor do we find that the due process requirements which apply to the adjudicatory stage of juvenile proceedings necessarily apply to a petition for change of custody or termination of wardship. (*In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428; *In re F.L.W.* (1979), 73 Ill. App. 3d 355, 359, 391 N.E.2d 1070, 1073; *In re Interest of Blakes* (1972), 4 Ill. App. 3d 567, 571, 281 N.E.2d 454, 456.) Therefore, we hold that petitioners do not have an absolute right to a hearing on their petition for change of custody and termination of wardship.

■ We do note that the Supreme Court of Illinois has had occasion to consider what allegations may prompt a hearing on the merits of a petition for change of custody. In *In re Jennings* (1977), 68 Ill. 2d 125, 131, 368 N.E.2d 864, 867, the court held that a hearing should be held pursuant to section 5—8(3) of the Juvenile Court Act where "the allegations are of such a serious nature that to dismiss them without a hearing could lead to grave and unjust consequences" or where the petition alleges that a person required to be a party respondent pursuant to section 4—1 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 704—1) was not made a party to the proceedings. Where termination of wardship is sought, facts should be alleged which establish that the best interests of the minor and the public no longer require the wardship of the court. (Ill. Rev. Stat. 1983, ch. 37, par. 705—11(2).) Logic dictates that variant allegations may be pleaded which lead a court to exercise its discretion and hold an evidentiary hearing on a petition for change of custody and/or termination of wardship.

■ Although we may sustain a judgment on any basis appearing in the record which validly supports it, even where the ground was not ruled upon by the trial court (*White Fence Farm, Inc. v. Land &*

*Lakes Co.* (1981), 99 Ill. App. 3d 234, 239, 424 N.E.2d 1370, 1374), the record below does not establish a valid basis for affirming the judgment of the circuit court. The record does indicate that the circuit court dismissed the petition insomuch as the petition requested relief pursuant to sections 5—8(3) and 5—11(2) of the Juvenile Court Act, because the court ruled it did not have jurisdiction because the subject minor was committed to the Department of Corrections. We have held that this basis for dismissal is unfounded. The circuit court did not consider the sufficiency of the petition aside from the issue of whether sections 5—8(3) and 5—11(2) apply to a minor committed to the Department of Corrections. Because that issue has been dispensed with and we have held that commitment of the minor does not bar petitioners from pursuing relief under these sections of the Juvenile Court Act, it is appropriate for the circuit court to determine the legal sufficiency of the petition and whether leave to amend would be proper. *Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 135, 390 N.E.2d 72, 78.

For the foregoing reasons, the judgment of the circuit court of Christian County is reversed and the case is remanded.

Reversed and remanded.

HARRISON and WELCH, JJ., concur.