*In re* J.S. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. J.S. *et al.*, Respondents-Appellants).

Second District   Nos. 2—94—0785, 2—94—0818 cons.

Opinion filed May 31, 1995.

220

Kenneth W. Torluemke, Public Defender, of Wheaton (Jeanine F. Tobin, Assistant Public Defender, of counsel), for appellants.

Anthony M. Peccarelli, State's Attorney, of Wheaton (William L. Browers, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE THOMAS delivered the opinion of the court:

The respondents, J.S. and C.S. (parents), filed separate appeals from an order of the circuit court of Du Page County dated April 18, 1994, entered in both proceedings below, which removed J.S. and T.S. (minor children) from their custody and placed them in foster care. The appeals were consolidated for review. We reverse.

The record reveals the relevant facts to be as follows. On July 30, 1993, the State filed two petitions alleging the minor children to be neglected minors pursuant to section 802—3 of the Juvenile Court Act of 1987 (Act) (Ill. Rev. Stat. 1989, ch. 37, par. 802—3 (now codified, as amended, at 705 ILCS 405/2—3 (West Supp. 1993))) and requesting that they be made wards of the court. At a dispositional hearing held on October 18, 1993, the trial court entered an order in both proceedings adjudicating the minor children neglected and making them wards of the court, with guardianship to the Department of Children and Family Services (DCFS). The trial court indicated at the hearing that custody of the minor children would remain with their parents.

On December 6, 1993, the trial court entered an order which removed the minor children from the custody of the parents and

granted DCFS both custody and guardianship of the minor children *instanter*. The court denied the parents' subsequent motions for reconsideration. On February 1, 1994, the court ordered the return of the minor children to the custody of the parents *instanter*.

On April 18, 1994, the trial court again entered an order that the minors be removed from the custody of the parents. The parents were not present at the time. The minor children were removed from their parents' custody two days later. That day, the parents appeared in court with counsel on an emergency basis, at which time they testified that they had not been informed that they were to be in court on April 18, 1994, and requested the immediate return of their children to their custody. The parents subsequently filed motions to vacate the April 18, 1994, order on the grounds that no petition requesting a change of custody had been filed by the State (705 ILCS 405/2—13 (West Supp. 1993)), nor were they given notice and an opportunity to be heard by the court regarding the issue of a change of custody (705 ILCS 405/2—28 (West Supp. 1993)).

Hearing on the motions to vacate was set for April 25, 1994, at which time the trial court determined that the parents did not receive notice of the April 18, 1994, proceedings, but continued the matter until the next day for a ruling with respect to the motions to vacate. On April 26, 1994, the State moved to strike the motions to vacate. The State argued that DCFS, as legal guardian of the minor children, did not have to file a motion to change custody and did not have to provide notice to the parents. Counsel for the parents argued that the parents should have received notice prior to having the children removed from their custody. The trial court granted the motion to strike; nevertheless, it allowed for a custody hearing. The trial judge stated:

> "Here is what I'm going to do and why I'm going to do it. In terms of the technical motion to vacate, which you filed, I'm going to grant the motion to strike.
>
> But in my view that is not the end of the proceedings for today. ***
>
>                             * * *
>
> Here is what I'm going to allow. *** [A]lthough we're not an equity court, I think that we have to try to do equity and be fair in how things are done consistent with the best interest of the minor children.
>
> I'm going to allow you to present any evidence that you wish to that you could have presented on Monday as to why this shouldn't happen, *** Go ahead and present that now.
>
>                             * * *

I recognize that this hearing might take some time, but I also think it's our responsibility to try to do what is in the best interest, and that is what we're going to do."

The trial judge went on to state that he did not "believe that necessarily the notice had to be given." Following a lengthy hearing, the trial court ruled that its April 18, 1994, order to remove the minor children from their parents' custody would stand. The parents' subsequent motions for reconsideration were denied.

On appeal, the parents contend: (1) that their due process rights were violated when their minor children were taken from their custody without a petition for a change of custody ever having been filed, without proper notice to attend the April 18, 1994, proceedings ever having been received, and without a custody hearing ever having been held prior to the entry of the April 18, 1994, order removing the children from their custody; and (2) that the trial court abused its discretion in removing the children from their custody when it made no showing or finding that the parental conduct at issue adversely affected the best interests of the children.

The parents first argue that the April 18, 1994, order removing the minor children from their custody should be reversed because of the violation of their due process rights. We agree.

■ The basic requirements of due process and fairness must be satisfied in juvenile court proceedings. (*In re E.D. McC.* (1991), 216 Ill. App. 3d 896, 898, citing *In re Application of Gault* (1967), 387 U.S. 1, 30-31, 18 L. Ed. 2d 527, 548, 87 S. Ct. 1428, 1445.) In a juvenile proceeding, due process requires adequate notice to a minor and his or her parents. *In re E.D. McC.*, 216 Ill. App. 3d at 898, citing *Gault*, 387 U.S. at 33, 18 L. Ed. 2d at 549, 87 S. Ct. at 1446-47; *In re J.P.J.* (1985), 109 Ill. 2d 129, 135; *In re J.K.* (1989), 191 Ill. App. 3d 415, 417; see also *In re C.R.H.* (1994), 163 Ill. 2d 263, 269 ("a minor and his or her parents have a constitutional right of due process to receive adequate notice of a juvenile proceeding").

The State argues that the due process requirements relative to the adjudicatory stage of juvenile proceedings are not the same in a dispositional hearing and that a lower standard of due process applies in a dispositional hearing. The State cites *In re Bardwell* (1985), 138 Ill. App. 3d 418, and *In re S.M.* (1992), 223 Ill. App. 3d 543, in support of its argument. Both *Bardwell* and *In re S.M.*, however, stand for the post-adjudicatory relaxation of due process requirements with respect to the factual content of a petition to change custody. They do not eliminate the basic requirement of notice to the minor or his or her parents of a change in custody request.

■ In the present action, the record shows that the due process rights of the minors and their parents were not violated at the adjudicatory stage. The State provided notice to the minors' parents by the filing of the initial petitions alleging neglect. The minors and their parents had notice and an opportunity to be heard. However, the record does show that the due process rights of the minors and their parents were later violated. They received no notice to appear before the trial court on April 18, 1994, and no opportunity to be heard before the court ordered custody to be taken from the parents. Thus, we find that their due process rights were violated.

We now consider whether a written petition for a change of custody was necessitated. The record evidences that the parents regained legal custody of the minors on February 1, 1994. The State did not file a written petition for a change of custody with the court prior to the court's having ordered the removal of custody from the parents on April 18, 1994. The parents argue that a written petition for a change of custody was required. The State argues that its verbal request was sufficient.

■ Section 2—28 of the Act governs court proceedings to review dispositional orders. (705 ILCS 405/2—28 (West Supp. 1993).) Section 2—28(4) reads, in relevant part, as follows:

"The minor or any person interested in the minor may apply to the court for a change in custody of the minor and the appointment of a new custodian or guardian of the person or for the restoration of the minor to the custody of his parents or former guardian or custodian. *** No legal custodian or guardian of the person may be removed without his consent until given notice and an opportunity to be heard by the court." 705 ILCS 405/2—28(4) (West Supp. 1993).

Although this statutory provision does not expressly state that the application for a change in custody involves the filing of a written petition, case law indicates that this provision does contemplate the filing of a written petition for a change of custody. See *Bardwell*, 138 Ill. App. 3d 418 (after minor was adjudicated delinquent and Department of Corrections made legal custodian of minor, minor's parents sought to regain legal custody by the filing of a petition for a change in legal custody); *In re S.M.*, 223 Ill. App. 3d 543 (after minor was adjudicated abused, and trial court later ordered return of custody to minor's mother, the State sought to have the custody removed from mother by filing a petition for a change of custody).

In any event, section 2—28(4) of the Act expressly requires that the parents receive notice and an opportunity to be heard prior to the removal of the minors from their legal custody. Again, we find that was not afforded.

■ The State argues that the failure to provide notice to the parents to appear at the April 18, 1994, proceedings is not reversible error. In support of this argument, the State cites *In re Marriage of Gordon* (1992), 233 Ill. App. 3d 617. In *Gordon*, a father filed a petition for an emergency order of protection for his child from the child's mother, alleging, in part, that prior notice of the petition to the mother would have aggravated her alleged abuse of the minor. The trial court conducted an emergency *ex parte* hearing without notice to the mother and entered an order removing the child from the mother's care. We find *Gordon* to be distinguishable from the action before us. The April 18, 1994, proceeding did not occur as a result of any such emergency requiring the physical protection of the minors. Consequently, it need not have been conducted without prior notice to the parents. *Gordon* is further distinguishable as it dealt with another statute, the Illinois Domestic Violence Act of 1986 (Ill. Rev. Stat. 1989, ch. 40, par. 2311—1 *et seq.* (now 750 ILCS 60/101 *et seq.* (West 1992))). Finally, in *Gordon*, the issue of custody was reserved at the *ex parte* hearing, whereas here it was decided at the April 18, 1994, proceedings.

When the trial court was presented with the parents' motion to vacate its April 18, 1994, order, the court acknowledged the lack of notice to the parents, but nevertheless granted the State's motion to strike the parents' motion to vacate. In light of the obvious violation of the parents' due process rights, we find that the trial court should have denied the State's motion to strike and granted the motion to vacate the April 18, 1994, order. Custody of the minors should not have been removed pursuant to the April 18, 1994, order. We cannot agree with the State's assertion that any error committed by the court on April 18, 1994, was harmless.

Furthermore, we necessarily find that the custody hearing which the trial court allowed after its improper denial of the motion to vacate, out of "fairness" to the parents, was a nullity. Had the trial court determined through the course of the hearing that it would be in the best interests of the minors that legal custody rest with their parents, one is left to wonder which order would have been controlling, the April 18, 1994, order removing custody or an April 26, 1994, order awarding custody to the parents? That question is illustrative of the fallacy of the trial court's action in proceeding to conduct a custody hearing without first granting the parents' motion to vacate. Proceeding with a custody hearing on April 26, 1994, did not cure the due process violations with respect to the April 18, 1994, proceedings, as the State contends.

Since we have determined that the custody hearing conducted on April 26, 1994, was a nullity, we need not address the remaining issue on appeal as to whether the trial court abused its discretion in allowing its order removing the children from the custody of their parents to stand following the hearing. In addition, since the hearing was a nullity, any order resulting from that hearing was likewise a nullity.

For the foregoing reasons, we reverse the trial court's order of April 18, 1994, entered in both proceedings below, which removed the minor children from the custody of their parents. The State, as guardian of the minors, is at liberty to seek a change of custody in accordance with due process requirements, including the filing of a written petition for a change of custody, and providing the parents with notice and an opportunity to be heard.

Reversed.

GEIGER and DOYLE, JJ., concur.