IN RE INTEREST OF VERONICA H., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. ARNOLDO T. AND MELINDA O., APPELLEES, AND NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, APPELLANT.

721 N.W.2d 651

Filed September 29, 2006.   No. S-05-425.

Jon Bruning, Attorney General, Royce N. Harper, and John M. Baker, Special Assistant Attorney General, for appellant.

No appearance for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

In this case arising under the Nebraska Juvenile Code, the separate juvenile court of Douglas County ordered the Nebraska Department of Health and Human Services (DHHS) to replace a case manager with a more experienced case manager who had knowledge of cases involving allegations of incest. DHHS appealed, and the Nebraska Court of Appeals affirmed the judgment of the juvenile court in its entirety. See *In re Interest of Veronica H.*, 14 Neb. App. 316, 707 N.W.2d 29 (2005). This court granted the petition for further review filed by DHHS.

## SCOPE OF REVIEW

Cases arising under the Nebraska Juvenile Code are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the trial court's findings. In

reviewing questions of law arising in such proceedings, an appellate court reaches a conclusion independent of the lower court's ruling. *In re Interest of Corey P. et al.*, 269 Neb. 925, 697 N.W.2d 647 (2005).

## BACKGROUND

On July 26, 2002, a petition was filed in the juvenile court alleging that Veronica H., a minor, was a child as described in Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 2002). The petition alleged that Veronica had been subject to inappropriate sexual contact by her stepfather and that her natural mother had taken insufficient steps to protect Veronica. DHHS was given temporary custody of Veronica. Her mother admitted the allegations within the petition, and her stepfather entered no contest pleas. Veronica was subsequently adjudicated as a child within the meaning of § 43-247(3)(a). Temporary custody of Veronica remained with DHHS, and the matter was set for disposition.

The first of several disposition and permanency planning hearings was held on June 6, 2003. The juvenile court ordered that Veronica remain in the temporary custody of DHHS. The juvenile court found that the permanency objective was reunification and that reasonable efforts were being made to return Veronica to the parental home. Additional review and permanency planning hearings were subsequently held, the details of which are set forth in *In re Interest of Veronica H., supra.*

At a review and permanency planning hearing on March 10, 2004, the juvenile court expressed its concern for "a real concrete and coordinated recommendation for what kind of treatment [and] what issues are to be addressed and by whom." Following this hearing, Veronica's placement was changed to an enhanced treatment group home in Omaha, Nebraska. The case was assigned to DHHS' "Integrated Care Coordination Unit," and a new case manager was assigned.

Another review and permanency planning hearing was held on November 16, 2004, at which a case plan prepared by the new case manager was introduced. The juvenile court expressed dissatisfaction with the reports that were offered and referred the case to the "LB 1184 Treatment Team," indicating that the team was to review the case from its inception and that "somebody has to get a grip on this case from a case management standpoint."

At a January 14, 2005, hearing, the juvenile court again expressed frustration with the professionals involved and with Veronica's lack of progress. The juvenile court subsequently ordered DHHS "to reassign this case to an experienced case manager with demonstrated knowledge of incest cases and the needed treatment protocol to address these cases." The court stated it wanted to approve the name of the new case manager, who was to have an understanding of the dynamics of a case involving intrafamily sexual abuse.

DHHS appealed from that order, alleging that the juvenile court erred when it ordered DHHS to remove the case manager and to reassign the case to a case manager with experience and knowledge of incest cases. The Court of Appeals concluded that the juvenile court did not abuse its discretion and had properly exercised its authority in ordering DHHS to replace the case manager. It reasoned that because juvenile courts have been given the power by the Legislature to assent and, by implication, to dissent from decisions of DHHS, including the placement of juveniles, the juvenile court properly exercised that power when it ordered DHHS to replace the case manager. We granted further review.

## ASSIGNMENT OF ERROR

DHHS assigns as error the Court of Appeals' determination that the juvenile court could order the removal of a case manager from a pending case.

## ANALYSIS

DHHS argues that the Court of Appeals erred in affirming the order of the juvenile court because the juvenile court is a court of limited jurisdiction and there is no statute or provision in the Nebraska Constitution which permits the juvenile court to order the removal of a case manager. Thus, DHHS contends the juvenile court had no authority to order that the case manager be replaced in the present case.

Neb. Const. art. V, § 27, provides that "the Legislature may establish courts to be known as juvenile courts, with such jurisdiction and powers as the Legislature may provide." As a statutorily created court of limited and special jurisdiction, a juvenile court has only such authority as has been conferred on it by

statute. *In re Interest of Jaden H.*, 263 Neb. 129, 638 N.W.2d 867 (2002).

In this case, Veronica was adjudicated as a child within the meaning of § 43-247(3)(a) after her mother admitted the allegations in the petition and her stepfather entered no contest pleas. The juvenile court placed Veronica in the temporary custody of DHHS, and the order of custody was continued throughout the proceedings. Section 43-247(5) provides that the juvenile court has jurisdiction over "[t]he parent, guardian, or custodian who has custody of any juvenile described in this section." Therefore, the juvenile court had jurisdiction over DHHS as the custodian of Veronica. The question is whether, pursuant to its jurisdiction regarding custody, the juvenile court could direct the removal of the case manager.

Neb. Rev. Stat. § 43-285(1) (Reissue 2004) provides in part:

> When the court awards a juvenile to the care of [DHHS], an association, or an individual in accordance with the Nebraska Juvenile Code, the juvenile shall, unless otherwise ordered, become a ward and be subject to the guardianship of the department, association, or individual to whose care he or she is committed. Any such association and the department shall have authority, by and with the assent of the court, to determine the care, placement, medical services, psychiatric services, training, and expenditures on behalf of each juvenile committed to it.

The Court of Appeals concluded that the provision "by and with the assent of the court" gave the juvenile court the authority to issue orders such as the one entered in the instant case. The Court of Appeals reasoned that through § 43-285(1), the Legislature gave the juvenile courts the power to assent and dissent from decisions of DHHS, including those related to the placement of juveniles. The appellate court concluded that the Legislature intended to remove from DHHS complete control of a minor whose care was given to DHHS under the juvenile code.

We agree with the reasoning of the Court of Appeals. Cases arising under the Nebraska Juvenile Code are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the trial court's findings. In reviewing questions of law arising in such proceedings, an appellate court

reaches a conclusion independent of the lower court's ruling. *In re Interest of Corey P. et al.*, 269 Neb. 925, 697 N.W.2d 647 (2005).

The foremost purpose and objective of the Nebraska Juvenile Code is to promote and protect the juvenile's best interests, and the juvenile code must be construed to assure the rights of all juveniles to care and protection. *In re Interest of Lisa O.*, 248 Neb. 865, 540 N.W.2d 109 (1995). The Nebraska Juvenile Code must be liberally construed to accomplish its purpose of serving the best interests of juveniles who come within the provisions of the act. See *In re Interest of L.D. et al.*, 224 Neb. 249, 398 N.W.2d 91 (1986). Juvenile courts are accorded broad discretion in their determination of the placement of children adjudicated abused or neglected and to serve the best interests of the children involved. See *In re Interest of Amber G. et al.*, 250 Neb. 973, 554 N.W.2d 142 (1996).

In the case at bar, the juvenile court's order directed DHHS to replace the case manager. Such order is consistent with § 43-285(2), which provides that after a child is adjudicated under § 43-247(3), the juvenile court may order DHHS to prepare and file with the court a proposed plan for the care and placement of the child. The court has authority to disapprove or modify the plan, order that an alternative plan be developed, or implement another plan that is in the juvenile's best interests. § 43-285(2).

We conclude that pursuant to § 43-285, the juvenile court has the authority to order DHHS to remove a case manager under the circumstances as set forth herein. Section 43-285 provides that when a juvenile's care is awarded to DHHS, the care and placement is "by and with the assent of the court." This provision implicitly gives the juvenile court the authority to dissent from a determination made by DHHS and to direct the removal of a case manager when the facts and circumstances require a change for the best interests of the juvenile.

Because juvenile courts have broad discretion concerning placement of children, see *In re Interest of Amber G. et al., supra*, the validity of the juvenile court's order in this case is subject to review for abuse of discretion. DHHS has not demonstrated that the juvenile court abused its discretion or exceeded

its authority. The exercise of such discretion by the juvenile court is in accord with the broad discretion given to juvenile courts in the determination of the care and placement of abused and neglected children.

## CONCLUSION

For the reasons set forth herein, we affirm the judgment of the Court of Appeals in all respects.

AFFIRMED.