IN RE INTEREST OF BRANDON M., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. BRANDON M., APPELLANT.
727 N.W.2d 230

Filed February 2, 2007. No. S-06-508.

Thomas C. Riley, Douglas County Public Defender, and Amy Stanosheck for appellant.

No appearance for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

In this delinquency proceeding brought under the Nebraska Juvenile Code, Neb. Rev. Stat. §§ 43-245 to 43-2,129 (Reissue 2004), Brandon M. appeals from that portion of a dispositional order entered by the separate juvenile court of Douglas County which required him to pay $3,000 in restitution to the victim of the burglary he committed. We conclude that while restitution was appropriate, the record does not support the amount which Brandon was required to pay. Accordingly, we reverse in part, and remand for further proceedings.

## FACTS

On December 28, 2005, a petition alleging that Brandon committed felony burglary was filed in juvenile court. Based on Brandon's plea admitting the offense, he was adjudicated a child described by § 43-247(2) on March 3, 2006.

At the dispositional hearing, the court received two exhibits: an abbreviated predisposition investigation report completed by a probation officer and a dispositional placement evaluation and recommendation completed by the Department of Health and Human Services, Office of Juvenile Services. The predisposition investigation report included a form filled out by the victim of the burglary and a letter written by the victim and her family. The victim was an 82-year-old neighbor who had hired Brandon to do

·odd jobs. The victim wrote on the form that she had been reimbursed $3,600 from her bank for a stolen check. In the accompanying letter, the victim stated that items taken from her were the check, $360 in cash, a purse, her wedding and engagement rings, a wristwatch, a crown-shaped gemstone pin given to her as an engagement present in 1946, a blue butterfly-shaped pin, a string of Yamasaki pearls, and her piggy bank. The victim's letter stated the pearls were purchased in 1987 for $290, but gave no value for the other items. The victim's daughter stated in the letter that she spent $75 changing the locks on her mother's home after the burglary and that she purchased replacement wedding and engagement rings for her mother. No value for these replacement items was stated.

During the dispositional hearing, Brandon asked for an evidentiary hearing if the court decided to order restitution. The court did not directly address his request. Instead, the court asked Brandon where the victim's rings and jewelry were, and Brandon responded: "I didn't take any of that. I got caught at the scene, and the bag was still in the back that I was going to take, so they got all of that back, but the co-defendant that was with me took the checks and the. rings."

After this exchange, the court noted: "The bank may have made this victim whole on the $3,600 cash or whatever that was taken, but she's missing probably anywhere from five to $10,000 in other items . . . ." In imposing restitution, the court stated:

> You are to pay restitution in the amount of $3,000. I plucked that, in a sense, out of the air, and I know that that gives us a good issue on appeal, if you want to appeal that portion, but I think that is a low ball — an extreme low ball figure, but I also don't know that you're capable of paying more than that. You will pay at a rate of $150 per month until further order of the Court.

In addition to ordering restitution, the juvenile court imposed numerous terms and conditions upon Brandon, including that he reside in the home of his mother on intensive supervision probation, that he attend school, that he abstain from the use of illegal drugs or alcohol, that he not be in the company of anyone using drugs or alcohol, that he submit to random urinalysis testing, that he participate in and complete individual and family therapy, that

he complete 30 hours of community service, that he write a letter of apology to the victim, that he pay court costs, that he tour the Omaha Correctional Center and write a 500-word essay on his impressions, and that he have no contact with the victim.

Brandon timely filed this appeal contesting only the term and condition of restitution. The State waived its right to file a brief. We moved the case to our docket on our own motion based upon our statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Brandon assigns that the juvenile court erred in (1) denying his request for an evidentiary hearing to determine the actual damages sustained by the victim supported by evidence in the record and (2) ordering him to pay $3,000 in restitution without considering his earning ability, employment status, financial resources, and family or other legal obligations.

## STANDARD OF REVIEW

■ Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings. *In re Interest of Rebecka P.*, 266 Neb. 869, 669 N.W.2d 658 (2003); *In re Interest of Joshua R. et al.*, 265 Neb. 374, 657 N.W.2d 209 (2003).

## ANALYSIS

As noted above, this appeal focuses solely upon that portion of the dispositional order dealing with restitution. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *State ex rel. Lemon v. Gale*, 272 Neb. 295, 721 N.W.2d 347 (2006); *Cole v. Isherwood*, 271 Neb. 684, 716 N.W.2d 36 (2006). Although his assignments of error broadly attack the juvenile court's order imposing restitution, in his brief, Brandon argues only that the juvenile court erred because the restitution order violated Neb. Rev. Stat. §§ 29-2280 and 29-2281 (Reissue 1995) and case law interpreting these statutes. See, *State v. Holecek*, 260 Neb. 976, 621 N.W.2d 100 (2000); *State v. Wells*, 257 Neb. 332, 598 N.W.2d 30 (1999); *State v. McLain*, 238 Neb. 225, 469

N.W.2d 539 (1991); *State v. Yost*, 235 Neb. 325, 455 N.W.2d 162 (1990); *State v. McGinnis*, 2 Neb. App. 77, 507 N.W.2d 46 (1993). We therefore initially address this argument.

The authority cited by Brandon clearly requires a sentencing court imposing restitution after a conviction to base the amount of the restitution on the actual damages sustained by the victim based on sworn evidence contained in the record. See *id*. The authority further requires a sentencing court imposing restitution after a conviction to consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations. *Holecek, supra*; *Wells, supra*; *Yost, supra*. We agree with Brandon that these requirements are not met on the record before us.

However, the order of restitution in this case was made at the dispositional phase of a juvenile proceeding. We have long recognized that a juvenile court proceeding is not a prosecution for crime, but a special proceeding that serves as an ameliorative alternative to a criminal prosecution. *In re Interest of Leo L.*, 258 Neb. 877, 606 N.W.2d 783 (2000); *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996). The purpose of our statutes relating to the handling of youthful offenders is the education, treatment, and rehabilitation of the child, rather than retributive punishment. *In re Interest of Brandy M. et al., supra*; *In re Interest of A.M.H.*, 233 Neb. 610, 447 N.W.2d 40 (1989). The emphasis on training and rehabilitation, rather than punishment, is underscored by the declaration that juvenile proceedings are civil, rather than criminal, in nature. *Id*.

Because juvenile proceedings are not criminal proceedings, the order of restitution entered at the dispositional hearing was not imposed by a sentencing court after a conviction. As such, the requirements of §§ 29-2280 and 29-2281 are inapplicable, and we find Brandon's arguments to be without merit.

On the unique facts of this case, however, we do not limit our analysis to an examination of the error argued by Brandon. Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Krumwiede v. Krumwiede*, 258 Neb. 785, 606 N.W.2d 778 (2000); *Hajenga v. Hajenga*, 257 Neb. 841, 601 N.W.2d 528 (1999). Plain error is error plainly evident from

the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *In re Interest of Mainor T. & Estela T.*, 267 Neb. 232, 674 N.W.2d 442 (2004); *In re Interest of D.W.*, 249 Neb. 133, 542 N.W.2d 407 (1996).

■ The Nebraska Juvenile Code authorizes a court to order "restitution of any property stolen or damaged" upon a juvenile as a term and condition of continued disposition if it is "in the interest of the juvenile's reformation or rehabilitation." § 43-286(1)(a). Generally, restitution encompasses the "[r]eturn or restoration of some specific thing to its rightful owner" or "[c]ompensation for loss." Black's Law Dictionary 1339 (8th ed. 2004). Based upon our review of the record, we conclude that requiring restitution was in the interest of Brandon's reformation and rehabilitation. However, the amount of the restitution order is problematic. The juvenile court judge candidly admitted that his valuation of the missing items at $5,000 to $10,000 was "plucked . . . out of the air." Although strict rules of evidence do not apply at dispositional hearings in juvenile cases, see *In re Interest of Rebecka P.*, 266 Neb. 869, 669 N.W.2d 658 (2003), and § 43-283, the record must nevertheless support the court's action in imposing restitution. On the record before us, there is nothing to support the amount of restitution which Brandon was required to pay to the victim. We therefore conclude that the court erred in fixing the amount of restitution at $3,000.

## CONCLUSION

We affirm all portions of the dispositional order except the provision dealing with restitution. Because the record is insufficient to support the amount of restitution ordered by the separate juvenile court, we reverse that portion of the dispositional order and remand the cause for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.