IN RE INTEREST OF LAURANCE S., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V.
LAURANCE S., APPELLANT.

IN RE INTEREST OF MICHAEL S., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V.
MICHAEL S., APPELLANT.

742 N.W.2d 484

Filed December 7, 2007. Nos. S-06-1439, S-06-1443.

Christina C. Boydston, of Register Law Office, for appellant Laurance S.

Melissa Lang Schutt for appellant Michael S.

Jeri L. Grachek, Deputy Dodge County Attorney, for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

These delinquency proceedings were brought under the Nebraska Juvenile Code, Neb. Rev. Stat. §§ 43-245 to 43-2,129 (Reissue 2004 & Cum. Supp. 2006) against appellants Laurance S., case No. S-06-1439, and Michael S., case No. S-06-1443. We consolidate these cases for purposes of opinion and disposition. Juvenile proceedings were instituted in the county court for Dodge County alleging that Laurance and Michael, who are brothers, had committed felony criminal mischief. Based on their pleas of no contest, each appellant was adjudicated under § 43-247(2). Following a dispositional hearing, appellants were placed on indefinite probation with restrictions and ordered to pay restitution. Appellants appeal from that portion of the dispositional order that required each of them to pay $29,059.96. As discussed below, we conclude that an order of restitution under § 43-286(1)(a) should serve the rehabilitative purposes of the Nebraska Juvenile Code, and we further conclude that the juvenile court erred when it failed to consider appellants' financial ability to pay restitution in the amount ordered. We reverse the orders in part and remand the causes for further proceedings consistent with this opinion.

## STATEMENT OF FACTS

There is essentially no dispute with regard to the material facts. On August 18, 2006, appellants broke into Washington

Elementary School in Fremont, Nebraska, where they proceeded to damage five classrooms. Appellants set off fire extinguishers, broke computer monitors, and splattered paint and glue on the walls, ceilings, desks, books, computers, and carpets. Shortly thereafter, appellants came forward to authorities and admitted responsibility for the incident. On August 30, separate juvenile petitions were filed in the county court for Dodge County, alleging that appellants had committed the Class IV felony of criminal mischief in violation of Neb. Rev. Stat. § 28-519 (Cum. Supp. 2006). Appellants each pled no contest to the allegations in the petitions, and as a result, each was adjudicated a child as defined in § 43-247(2) on September 19.

On November 20, 2006, a dispositional and restitution hearing was held in both juvenile proceedings. Restitution is permitted in juvenile cases under § 43-286(1)(a). Relative to the restitution issue, the State called four witnesses, including several individuals from the Fremont Public School District, and offered 28 exhibits into evidence. The evidence showed that the school district had incurred expenses in order to replace or repair property damaged by appellants in the total amount of $29,059.96. On November 30, the court entered dispositional orders under which it placed each appellant on indefinite probation with restrictions and ordered each appellant to pay restitution, presumably to the school district, in the amount of $29,059.96. Appellants appeal.

## ASSIGNMENTS OF ERROR

On appeal, appellants assign several errors contesting only the restitution portion of the dispositional order entered in their respective case. The primary assignment of error, which we restate and summarize, is a claim that the juvenile court erred when it failed to consider appellants' financial resources in ordering restitution. Appellants assert additional assignments of error challenging the method by which the juvenile court determined the amount of restitution that it ordered.

## STANDARD OF REVIEW

Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent

of the juvenile court's findings. *In re Interest of Jeffrey K.*, 273 Neb. 239, 728 N.W.2d 606 (2007).

## ANALYSIS

Together, these appeals raise issues as to the propriety of the juvenile court's having ordered appellants to pay restitution in the amount determined by the court and the proper approach juvenile courts should use in setting a restitution amount under § 43-286(1)(a). More specifically, appellants claim that the juvenile court failed to consider their ability to pay the restitution amount established by the court and that the amount determined was not reached in a reasonable manner.

In connection with their primary assignment of error regarding ability to pay, appellants assert that before setting the restitution amount, the juvenile court should have heard and considered evidence concerning appellants' employment history and their ability to work, as well as appellants' financial resources. In support of their arguments, appellants suggest that factors similar to those considered in criminal restitution proceedings should be considered by the court when ordering restitution in juvenile cases.

Appellants refer this court to the criminal restitution statute, Neb. Rev. Stat. § 29-2281 (Reissue 1995), which provides, in pertinent part, as follows:

> To determine the amount of restitution, the court may hold a hearing at the time of sentencing. [In determining the amount of restitution the] court shall consider the defendant's earning ability, employment status, financial resources, and family or other legal obligations and shall balance such considerations against the obligation to the victim. . . . The court may order that restitution be made immediately, in specified installments, or within a specified period of time not to exceed five years after the date of judgment or defendant's final release date from imprisonment, whichever is later.

Although we have previously held that criminal restitution statutes do not control in juvenile proceedings, see *In re Interest of Brandon M.*, 273 Neb. 47, 727 N.W.2d 230 (2007), we agree with appellants that the factors listed in § 29-2281 may

serve as useful guidelines in setting restitution amounts in juvenile proceedings.

We begin our analysis by reference to well-established principles involving juvenile proceedings. As we stated in *In re Interest of Brandon M.*, 273 Neb. at 51, 727 N.W.2d at 234:

> We have long recognized that a juvenile court proceeding is not a prosecution for crime, but a special proceeding that serves as an ameliorative alternative to a criminal prosecution. [Citations omitted.] The purpose of our statutes relating to the handling of youthful offenders is the education, treatment, and rehabilitation of the child, rather than retributive punishment. [Citations omitted.] The emphasis on training and rehabilitation, rather than punishment, is underscored by the declaration that juvenile proceedings are civil, rather than criminal, in nature.

See, also, *In re Interest of Brandy M. et al.*, 250 Neb. 510, 524, 550 N.W.2d 17, 26 (1996) (stating that "the foremost purpose and objective of the Nebraska Juvenile Code is to promote and protect the juvenile's best interests"); *In re Interest of A.M.H.*, 233 Neb. 610, 614, 447 N.W.2d 40, 44 (1989) (quoting *In re T. D.*, 81 Ill. App. 3d 369, 401 N.E.2d 275, 36 Ill. Dec. 594 (1980)) (stating that primary purpose of juvenile code "'is remedial and preventive rather than punitive'").

The Nebraska Juvenile Code authorizes a court to order "restitution of any property stolen or damaged" by a juvenile as a term and condition of a dispositional order if it is "in the interest of the juvenile's reformation or rehabilitation." § 43-286(1)(a). See, also, Neb. Rev. Stat. § 43-246 (Reissue 2004) (allowing restorative approach by providing "(4) . . . selected juveniles the opportunity to take direct personal responsibility for their individual actions by reconciling with the victims through juvenile offender and victim mediation and fulfilling the terms of the resulting agreement which may require restitution and community service," consistent with "the responsibility of the juvenile court to act to preserve the public peace and security").

Unlike the provisions in the juvenile codes or rules of other states, § 43-286(1)(a) of the Nebraska Juvenile Code does not prescribe any particular method by which to determine whether restitution is appropriate or the amount of restitution

to be awarded. See, e.g., *In re R.T.*, No. 0408020557, 2005 WL 1420878 at *3 (Del. Fam. Feb. 28, 2005) (unreported decision) (discussing Delaware Family Court Criminal Procedure Rule outlining "guidelines" for awarding restitution); *In re R.V.*, 283 Ga. App. 355, 356, 641 S.E.2d 591, 592 (2007) (stating that Georgia juvenile statute "requires the juvenile court to conduct a hearing and consider multiple factors in determining the amount of restitution"); *In re T.M.R.*, 334 Mont. 64, 144 P.3d 809 (2006) (stating that Montana juvenile statute lists factors for court to consider in determining whether restitution is appropriate).

Because Nebraska's juvenile code does not provide guidelines to courts entering restitution orders, there is a risk that an order could be entered imposing a restitution amount that is unreasonable and inconsistent with the purpose of the juvenile code. Such an order could give rise to frustration that would negate the juvenile code's rehabilitative purpose. "'The result of such [an order] would not be rehabilitation. Rather, it would give the [juvenile] a sense of unfairness, injustice and bitterness towards the system because the chance to reform would not be present.'" *State v. Kristopher G.*, 201 W. Va. 703, 705, 500 S.E.2d 519, 521 (1997) (quoting *State v. M.D.J.*, 169 W. Va. 568, 289 S.E.2d 191 (1982)). Moreover, a restitution order without specific requirements and time commitments as to when restitution must be paid similarly fails to permit the juvenile to feel that he or she is gainfully making amends for past transgressions. See *id.* at 706, 500 S.E.2d at 522 (stating that "[a]ny restitution award should . . . be set in an amount that is within the realistic ability of the children to pay within a reasonable period of time, so that they can complete a probationary period, put . . . events behind them, and move forward").

Finally, a restitution order "imposed . . . in an appropriate manner serves the salutary purpose of making the offender understand that he has harmed not merely society in the abstract but also individual human beings, and that he has a responsibility to" the victim. *In re Brian S.*, 130 Cal. App. 3d 523, 529, 181 Cal. Rptr. 778, 780 (1982). This "salutary purpose" would be directly undermined by the imposition of a restitution order that the juvenile is financially unable to pay.

 The interpretation of a statute is a question of law for an appellate court, see *In re Interest of DeWayne G. & Devon G.*, 263 Neb. 43, 638 N.W.2d 510 (2002), and we read § 43-286(1)(a) as being consistent with the overall purposes of the Nebraska Juvenile Code. See *Citizens for Eq. Ed. v. Lyons-Decatur Sch. Dist., ante* p. 278, 290, 739 N.W.2d 742, 754 (2007) (stating that court's "role, to the extent possible, is to give effect to the statute's entire language"). Section 43-2,128 provides that the Nebraska Juvenile Code should be liberally construed to the end that its purposes may be carried out. Sections 43-246 and 43-246(3) provide that the Nebraska Juvenile Code shall be construed to reduce the possibility of juveniles committing future law violations. We have observed in a delinquency case that a juvenile proceeding is not a prosecution for a crime but a special proceeding that serves as an ameliorative alternative to a criminal prosecution and that the purpose of our statutes relating to youthful offenders is the education, treatment, and rehabilitation of the child. See *In re Interest of Brandon M.*, 273 Neb. 47, 727 N.W.2d 230 (2007). We consider § 43-246(1)(a) to be consistent with these purposes of the juvenile code, and we believe it would be prudent that juvenile courts consider factors similar to those utilized in the criminal restitution statute when entering restitution orders during the dispositional phase of a delinquency proceeding.

 Referring to the criminal restitution statute merely for guidance, we determine that when a juvenile court enters an order of restitution under § 43-286(1)(a), the court should consider, among other factors, the juvenile's earning ability, employment status, financial resources, and other obligations. Compare § 29-2281. In appropriate cases, it would be consistent with these considerations and the purposes of the juvenile code for the court to require that the juvenile obtain and maintain employment in order to satisfy his or her restitution obligations and his or her responsibility to repay the victim. Moreover, the juvenile court should set a timetable for restitution payments and may order that restitution be made immediately, in specified installments, or within a specified period of time.

In the instant cases, the record does not disclose information regarding appellants' ability to pay restitution, other than the fact

that appellants were deemed eligible for appointed counsel. The record does not reflect that the juvenile court considered appellants' ability to pay restitution when it entered its dispositional orders requiring each appellant to pay $29,059.96. The juvenile court erred in entering the restitution portions of its dispositional orders, and we reverse those portions of the juvenile court's dispositional orders relating to restitution entered in these juvenile proceedings and remand the causes for further proceedings consistent with this opinion. The remaining portions of the dispositional orders are not affected by our ruling.

■ Although we have concluded that the restitution portions of the juvenile court's dispositional orders must be reversed and the causes remanded for further proceedings, we briefly address appellants' assignment of error to the effect that the juvenile court erred when it ordered restitution based upon the replacement cost of the items damaged rather than on fair market value. This issue is likely to recur on remand. An appellate court may, at its discretion, discuss issues unnecessary to the disposition of an appeal when those issues are likely to recur during further proceedings. *Papillion Rural Fire Prot. Dist. v. City of Bellevue, ante* p. 214, 739 N.W.2d 162 (2007).

Appellants claim on appeal that the evidence provided by the school district was limited to the replacement value of the property damaged by appellants and that the juvenile court erred in ordering restitution based upon replacement value. We note that there is some dispute among the parties as to whether "replacement value" is an accurate term for certain of the valuations provided by the school district. Given our discussion of this assignment of error on appeal, it is not necessary for us to resolve this dispute.

As noted above, § 43-286(1)(a) authorizes the juvenile court to order a juvenile to pay "restitution of any property stolen or damaged" as a dispositional term. We have previously stated that "restitution encompasses the '[r]eturn or restoration of some specific thing to its rightful owner' or '[c]ompensation for loss.'" *In re Interest of Brandon M.*, 273 Neb. 47, 52, 727 N.W.2d 230, 235 (2007). In *In re Interest of Brandon M.*, the juvenile court stated that the dollar amount of the restitution order was "'plucked . . . out of the air,'" and we reversed the

restitution order because it lacked a basis in the record. 273 Neb. at 49, 727 N.W.2d at 233. We did not determine in *In re Interest of Brandon M.*, however, the valuation approach to be used to determine a juvenile offender's restitution obligation. Instead, we stated that "[a]lthough strict rules of evidence do not apply at dispositional hearings in juvenile cases, see *In re Interest of Rebecka P.*, 266 Neb. 869, 669 N.W.2d 658 (2003), and § 43-283, the record must nevertheless support the court's action in imposing restitution." *In re Interest of Brandon M.*, 273 Neb. at 52, 727 N.W.2d at 235.

■ In the instant case, appellants urge us to adopt specific rules regarding a valuation approach for restitution orders in juvenile cases. In this regard, appellants discuss the relative virtue of fair market value as compared to replacement value in restitution orders. The juvenile statutes do not require us to adopt one method, and we decline to do so. Instead, we conclude that juvenile courts should have discretion to set the amount of restitution based on the record presented and the juvenile's ability to pay and that the amount ordered be consistent with the purposes of the Nebraska Juvenile Code. As we stated in *In re Interest of Brandon M.*, the record must support the juvenile court's restitution order. The juvenile courts may use any rational method of fixing the amount of restitution, so long as the amount is rationally related to the proofs offered at the dispositional hearing, and the amount is consistent with the purposes of education, treatment, rehabilitation, and the juvenile's ability to pay. Compare *In re Dina V.*, 151 Cal. App. 4th 486, 59 Cal. Rptr. 3d 862 (2007).

We have considered appellants' remaining arguments made in connection with their assignments of error, and we conclude they are without merit.

## CONCLUSION

We conclude that the restitution orders entered under § 43-286(1)(a) in delinquency proceedings must be supported by the record and that the amount ordered must be consistent with the educational, treatment, and rehabilitative purposes of the Nebraska Juvenile Code and the juvenile's ability to pay. On the record before us, we determine that the juvenile court

erred in these cases when it failed to consider whether appellants had the ability to pay restitution in the amount entered in the dispositional orders. Accordingly, we reverse the portion of each dispositional order that ordered each appellant to pay $29,059.96 and we remand the causes for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.