Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/05/2021 08:11 AM CST

In re Interest of Seth C., a child
under 18 years of age.
State of Nebraska, appellee, v.
Seth C., appellant.

___ N.W.2d ___

Filed November 20, 2020.    No. S-20-026.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.
2. **Statutes: Appeal and Error.** Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.
3. **Statutes: Legislature: Intent.** In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.
4. **Statutes.** A court must give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.
5. **Statutes: Legislature: Intent.** Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.
6. **Juvenile Courts: Minors.** The foremost purpose and objective of the Nebraska Juvenile Code is to promote and protect the juvenile's best interests.
7. **____: ____.** The Nebraska Juvenile Code must be liberally construed to serve the best interests of juveniles who fall within it.
8. **Juvenile Courts: Restitution: Words and Phrases.** The word "including," as used in Neb. Rev. Stat. § 43-286(1)(a) (Supp. 2017), introduces examples, not an exhaustive list, and connotes that the provided list

of components is not exhaustive and that there are other items includable that are not specifically enumerated.

9. **Juvenile Courts: Restitution.** The Nebraska Juvenile Code shall be construed to offer selected juveniles the opportunity to take direct personal responsibility for their individual actions by reconciling with the victims and fulfilling the terms of any resulting agreement which may require restitution and community service.

10. ____: ____. Neb. Rev. Stat. § 43-286(1)(a) (Supp. 2017) contains a nonexhaustive list of what terms and conditions a juvenile court may order.

11. **Juvenile Courts.** A juvenile court has broad discretion as to the disposition of a delinquent child.

12. ____. A juvenile court proceeding is not a prosecution for a crime, but a special proceeding that serves as an ameliorative alternative to a criminal prosecution.

13. **Juvenile Courts: Restitution: Records.** Strict rules of evidence do not apply at dispositional hearings in juvenile cases, but a court's order imposing restitution must still be supported by the record.

14. **Juvenile Courts: Restitution.** A restitution order imposed in an appropriate manner serves the salutary purpose of making the offender understand that he or she has harmed not merely society in the abstract, but also individual human beings, and that he or she has a responsibility to the victim. This salutary purpose would be undermined by the imposition of a restitution order that the juvenile is financially unable to pay.

15. **Juvenile Courts: Restitution: Proof.** When a juvenile court enters an order of restitution, the court may use any rational method of fixing the amount of restitution, as long as the amount is rationally related to the proofs offered at the dispositional hearing, and the amount is consistent with the purposes of education, treatment, rehabilitation, and the juvenile's ability to pay.

Appeal from the Separate Juvenile Court of Lancaster County: REGGIE L. RYDER, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Megan Kielty for appellant.

No appearance for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FUNKE, J.

Seth C. appeals an order of restitution entered by the separate juvenile court after Seth admitted to an amended allegation of disturbing the peace and quiet of another person. As a term of probation, the juvenile court ordered Seth to pay $500 in restitution for the victim's medical expenses. Seth argues that the Nebraska Juvenile Code does not authorize a juvenile court to order restitution for medical expenses incurred by a victim.[1] We disagree and affirm the order of restitution for medical expenses.

## BACKGROUND

On August 9, 2018, the State filed a juvenile petition in the separate juvenile court of Lancaster County alleging that Seth was a juvenile as defined under Neb. Rev. Stat. § 43-247 (Reissue 2016) and further alleging that Seth had committed conduct that would constitute assault in the third degree. Seth denied the allegation in the petition.

On October 4, 2018, the juvenile petition was amended by interlineation to allege that Seth disturbed the peace and quiet of another person. That same day, Seth entered an admission to the amended petition. On October 16, the juvenile court entered an order of adjudication finding Seth to be a juvenile as defined by § 43-247(1), continuing his disposition to a later date and ordering the preparation of a predisposition investigation report.

According to police reports included with the predispositional report, Seth and the victim were occupants in different vehicles involved in a road rage incident. Once both vehicles came to a stop, Seth got out of his vehicle, went to the victim's vehicle, and began punching the victim while the victim was still sitting in his vehicle. The victim was punched four to five times in the head before he got out of his vehicle and confronted Seth. Seth claimed that it was a mutual fight and

---

[1] See Neb. Rev. Stat. § 43-286(1)(a)(i) (Supp. 2017).

that the victim's hand was injured when the victim punched a concrete median.

In June 2019, the juvenile court entered an "Agreement and Order of Probation" placing Seth on probation and outlining specific terms and conditions Seth was to complete. One of the terms required Seth to "pay restitution as ordered."

On December 12, 2019, a restitution hearing was held where evidence in the form of medical bills was received and testimony from the victim's mother was given. The medical bills showed that the victim received treatment from a local hospital and that $3,330.96 was still due and owing. The victim's mother testified that though insurance paid for a portion of the medical expenses, the remaining balance had not been paid. Additionally, a victim impact statement was received which indicated that the medical expenses stemmed from the injury the victim sustained during the altercation with Seth.

Seth testified that at the time of the hearing, he was 18 years of age and would be turning 19 in January 2020. He further testified that he was working approximately 40 hours per week at a wage of $10 per hour, for a net income of $800 to $900 per month. Seth also testified that he was living in an apartment with his girlfriend and received no financial support from his parents. He explained that he pays his own bills, which include monthly expenses of $375 for rent, $60 for his phone, and other costs for groceries and clothing.

Because Seth was less than a month from turning 19 years old and because of Seth's current financial status, the court acknowledged that it would be unrealistic to expect Seth to pay the full amount of restitution, $3,330.96, in the time he had remaining on probation. However, the court determined it would be in Seth's rehabilitative interests to make a good faith effort to make the victim and his family whole. In response, Seth argued that under § 43-286, the juvenile court was authorized to order restitution for stolen or damaged property, but was not authorized to order restitution for medical expenses incurred as the result of physical damages (bodily injury).

In its order filed on December 13, 2019, the juvenile court rejected Seth's argument. The court stated that the "very nature of the statute gives the court broad discretion as to what those terms may be." The court opined that the inclusion of the provisions of restitution and community service programs in the statute provides mere examples of what the court may order, not the exclusive list of what the court is authorized to order. The court ordered Seth to pay restitution to the victim in the amount of $500, again noting that although Seth should be required to pay the full amount of restitution, the circumstances did not allow for it. Seth appeals.

## ASSIGNMENTS OF ERROR

Seth assigns, restated, renumbered, and consolidated, that the juvenile court erred in finding that (1) an order of restitution for bodily injury was authorized by statute, (2) there was sufficient evidence to support an order of restitution, and (3) Seth had the ability to pay the ordered restitution.

## STANDARD OF REVIEW

[1,2] An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.[2] Statutory interpretation is a question of law, which an appellate court resolves independently of the trial court.[3]

## ANALYSIS

### Statutory Authority

In his first assignment of error, Seth asserts that the language of § 43-286 authorizes a juvenile court to order restitution only for any property stolen or damaged and that as such, the court lacked the requisite statutory authority to order Seth to pay restitution for the medical expenses the victim incurred. We recognize that as a statutorily created court of

---

[2] *In re Interest of Octavio B. et al.*, 290 Neb. 589, 861 N.W.2d 415 (2015).

[3] *In re Interest of Marcella G.*, 287 Neb. 566, 847 N.W.2d 276 (2014).

limited and special jurisdiction, a juvenile court has only such authority as has been conferred on it by statute.[4] But we disagree that the statutes authorizing dispositions in juvenile cases are as limited as Seth argues.

[3-5] A court determines a statute's meaning based on its text, context, and structure.[5] In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[6] A court must give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[7] Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.[8]

[6,7] As we have routinely said, the foremost purpose and objective of the Nebraska Juvenile Code is to promote and protect the juvenile's best interests.[9] Additionally, the Nebraska Juvenile Code must be liberally construed to serve the best interests of juveniles who fall within it.[10]

Section 43-286, in relevant part, provides:

(1) When any juvenile is adjudicated to be a juvenile described in subdivision (1), (2), or (4) of section 43-247:

(a)(i) . . . The court may continue the dispositional portion of the hearing, from time to time upon such terms

---

[4] See *In re Interest of Donald B. & Devin B.*, 304 Neb. 239, 933 N.W.2d 864 (2019).

[5] *Ash Grove Cement Co. v. Nebraska Dept. of Rev.*, 306 Neb. 947, 947 N.W.2d 731 (2020).

[6] *Id.*

[7] *Id.*

[8] *First State Bank Neb. v. MP Nexlevel, ante* p. 198, 948 N.W.2d 708 (2020).

[9] *In re Interest of Veronica H.*, 272 Neb. 370, 721 N.W.2d 651 (2006).

[10] See *id.* See, also, Neb. Rev. Stat. § 43-2,128 (Reissue 2016).

and conditions as the court may prescribe, including an order of restitution of any property stolen or damaged or an order requiring the juvenile to participate in community service programs, if such order is in the interest of the juvenile's reformation or rehabilitation . . . .

[8] Section 43-286(1)(a) uses the word "including" when it lists what the court may order as part of the disposition. We note that it is a widely accepted interpretation that the word "including" introduces examples, not an exhaustive list.[11] In fact, we have previously stated that the word "include," as used in a statute, connotes that the provided list of components is not exhaustive and that there are other items includable that are not specifically enumerated.[12] Thus, it is clear and consistent with our jurisprudence that the word "including," as used in § 43-286(1)(a), connotes that the provided list of terms and conditions that the court may order is not exhaustive and that there may be other terms and conditions that are includable but not specifically enumerated in the statute. In other words, § 43-286(1)(a) does not limit the types of restitution a juvenile court may order to only restitution for property stolen or damaged.

[9] Further, Neb. Rev. Stat. § 43-246(3) (Reissue 2016) provides that the Nebraska Juvenile Code shall be construed to reduce the possibility of juveniles committing future law violations through the provision of social and rehabilitative services to such juveniles. Additionally, according to § 43-246(4), the Nebraska Juvenile Code shall be construed to offer selected juveniles the opportunity to take direct personal responsibility for their individual actions by reconciling with the victims and fulfilling the terms of any resulting agreement which may require restitution and community service.

---

[11] Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 132 (2012).

[12] *State v. Jedlicka*, 305 Neb. 52, 938 N.W.2d 854 (2020). See *Stephens v. Stephens*, 297 Neb. 188, 899 N.W.2d 582 (2017).

Because §§ 43-246(3) and (4) and 43-286(1)(a) all relate to the juvenile code, § 43-286(1)(a) must be construed so as to maintain a sensible and consistent scheme with § 43-246(3) and (4). We believe it is consistent with the language of § 43-246(3), which makes reference to reducing the possibility of the juvenile's committing additional law violations, and § 43-246(4), which makes reference to requiring juveniles to make amends in various ways, including paying restitution, to interpret the reference to restitution for stolen or damaged property as merely one example of an offense for which the juvenile court could order restitution.

[10] As a result, we conclude that § 43-286(1)(a) contains a nonexhaustive list of what terms and conditions a juvenile court may order when continuing disposition and that statutorily, the court was authorized to order Seth to pay restitution for medical expenses. However, we must also consider whether ordering restitution was in the interest of Seth's reformation and rehabilitation.

[11,12] As we previously indicated, § 43-286(1)(a) allows a juvenile court to prescribe certain terms and conditions as long as it is in the interest of the juvenile's reformation or rehabilitation. Additionally, a juvenile court has broad discretion as to the disposition of a delinquent child.[13] We have long recognized that a juvenile court proceeding is not a prosecution for a crime, but a special proceeding that serves as an ameliorative alternative to a criminal prosecution.[14]

When liberally construing the Nebraska Juvenile Code, we conclude that requiring Seth to pay restitution for the victim's medical bills is essential for Seth's reformation and rehabilitation, because it gives Seth the opportunity to take direct personal responsibility for his actions.

Seth's first assignment of error is without merit.

---

[13] See *In re Interest of J.M.*, 223 Neb. 609, 391 N.W.2d 146 (1986).

[14] *In re Interest of Brandon M.*, 273 Neb. 47, 727 N.W.2d 230 (2007).

### Sufficiency of Evidence

Seth's second assignment of error contends that even if the juvenile court has the statutory authority to order restitution for medical expenses, the State presented insufficient evidence to support the award of restitution. In particular, Seth argues that there was insufficient evidence to find that the victim's injuries were caused by Seth and that $500 was the appropriate amount of restitution.

Seth is correct that there is evidence in the record that the victim's injuries may have occurred when the victim struck a concrete median during the incident. Nonetheless, we conclude that the State presented sufficient evidence to prove the victim's physical injuries were caused by Seth.

It is undisputed that Seth admitted to the allegation of disturbing the peace and quiet of another person stemming from the altercation with the victim. It is also undisputed that Seth was the initial physical aggressor in the incident, because the police reports show that Seth got out of his vehicle, walked over to the victim's vehicle, and began punching the victim. Seth struck the victim four to five times before the victim got out of his vehicle and took Seth to the ground. As such, the record supports that the victim's injuries were caused by Seth.

As to the amount of the medical damages, Seth points to the fact that the medical bills do not indicate or list the victim's injuries and that the only details regarding how the victim sustained the injuries, and the type of injuries the victim suffered, are found in the victim impact statement, which was filled out by the victim's mother. Seth argues that the victim impact statement is hearsay and therefore not admissible evidence to be considered by the court.

[13] According to Neb. Rev. Stat. § 43-283 (Reissue 2016), strict rules of evidence do not apply at dispositional hearings. As such, Seth's hearsay argument lacks merit. However, we have said that despite § 43-283, a court's order imposing restitution must still be supported by the record.[15]

---

[15] *Id.*

Here, the juvenile petition alleged that the incident occurred on April 10, 2018; the medical bills indicate that the victim received treatment that same day; and the victim's mother testified that $3,330.96 of the medical bills remains outstanding. Additionally, despite the evidence as to the unpaid portion of the medical bills, the court ordered Seth to pay restitution only in the amount of $500. Therefore, we conclude that on the record before us, there is sufficient evidence to support the amount of restitution which Seth was required to pay to the victim.

Seth's second assignment of error has no merit.

## Ability to Pay Restitution

Seth's third assignment of error is that the juvenile court erred in finding he had the ability to pay the $500 in restitution.

[14] We have previously stated that a restitution order "'imposed . . . in an appropriate manner serves the salutary purpose of making the offender understand that he has harmed not merely society in the abstract but also individual human beings, and that he has a responsibility to' the victim."[16] We have also recognized that this "salutary purpose" would be undermined by the imposition of a restitution order that the juvenile is financially unable to pay.[17]

[15] In *In re Interest of Laurance S.*,[18] we noted that § 43-286(1)(a) does not prescribe any particular method by which to determine whether restitution is appropriate or the amount of restitution to be awarded. We further noted that when a juvenile court enters an order of restitution, the court should consider, among other factors, the juvenile's earning

---

[16] *In re Interest of Laurance S.*, 274 Neb. 620, 625, 742 N.W.2d 484, 489 (2007) (quoting *In re Brian S.*, 130 Cal. App. 3d 523, 181 Cal. Rptr. 778 (1982)).

[17] *In re Interest of Laurance S., supra* note 14.

[18] *Id.*

ability, employment status, financial resources, and other obligations.[19] Ultimately, we concluded that juvenile courts may use any rational method of fixing the amount of restitution, as long as the amount is rationally related to the proofs offered at the dispositional hearing, and the amount is consistent with the purposes of education, treatment, rehabilitation, and the juvenile's ability to pay.[20]

At the restitution hearing in this matter, Seth testified that he works around 40 hours per week, earns around $800 to $900 per month (after taxes), and pays approximately $435 in various bills. The order of restitution was filed on December 13, 2019, and because Seth would reach the age of majority in January 2020, the court ordered him to pay $500 by that date. Seth contends that the court was essentially asking him to pay an amount more than he could afford, thus undermining the salutary purpose of restitution.

In the original order of probation, the court ordered Seth to pay restitution in an amount to be determined. At the December 2019 hearing, evidence substantiated the total amount of restitution to be $3,330.96. Based upon the short time Seth could remain on probation, the court reduced the amount of restitution to $500. Additionally, the evidence showed that after paying his monthly expenses, Seth had approximately $500 to $600 of disposable income remaining each month. As such, the court took into consideration the fact that Seth would not be able to pay the full amount of restitution of $3,330.96 and reduced the restitution to an amount Seth would be able to pay. Therefore, we conclude that the juvenile court ordered restitution in an amount rationally related to the proofs offered at the dispositional hearing and that the amount was consistent with the purposes of education, treatment, rehabilitation, and the juvenile's ability to pay. As such, the court did not

[19] *Id.*

[20] *Id.*

violate the salutary purpose of ordering Seth to pay restitution in the amount of $500.

Seth's third assignment of error has no merit.

## CONCLUSION

We conclude that the language of § 43-286(1)(a) contemplates a nonexhaustive list of examples of terms and conditions that a juvenile court may order, and thus the juvenile court had the authority to order restitution for medical expenses as long as such order was in the interest of the juvenile's reformation or rehabilitation. We find there was sufficient evidence in the record to support a finding that Seth caused the victim's injuries and to support the amount of restitution ordered, that Seth had the ability to pay the $500 in restitution, and that the order to pay such restitution was made in the interest of Seth's reformation and rehabilitation. Accordingly, we affirm the order of the juvenile court.

Affirmed.